# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAWANA JINNAE NICOLE WASHINGTON,<br><br>Defendant. | No. 1:22-cr-00122-DAD-BAM<br><br>PRETRIAL ORDER |

A trial confirmation hearing in the above-captioned case will be held at **10:00 a.m. on August 11, 2025**, in Courtroom 5 of the Robert E. Coyle Federal Courthouse in Fresno, California. All defendants are required to appear at the trial confirmation hearing unless the court has specifically excused defendants from appearing at the trial confirmation hearing. Waivers of appearance on file as to other hearings/conferences are not sufficient to excuse defendants' attendance at the trial confirmation hearing.

The trial of this matter is scheduled to commence at **9:00 a.m. on September 3, 2025**. It is the court's current understanding that the parties anticipate that the trial will consume approximately three court days in total. On the first day of trial, counsel shall be present in the courtroom at 8:30 a.m. to assist in resolving any remaining issues related to the trial. In preparation for the upcoming trial, the court advises the parties of the following.

/////

I.      TRIAL BRIEFS AND STATEMENT OF THE CASE

No later than **4:00 p.m. on August 22, 2025**, the parties may file trial briefs and the government shall file a statement of the case. In their trial briefs, the parties shall address reasonably anticipated disputes concerning the admissibility of evidence, legal arguments, any other information the parties believe is relevant to the trial of the matter, with citations to legal authority where appropriate. In lieu of a government's statement of the case, the parties may file a joint proposed statement to be read by the court to the jury in advance of voir dire explaining the nature of the case to be tried.

II.     PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

All counsel are informed that the court has prepared a set of standard jury instructions for criminal cases. In general, those standard instructions cover all aspects of the trial except those relating to the charges contained in the charging document. *See* 9th Cir. Manual of Model Crim. Jury Instrs. 1.1–1.11, 1.16, 6.1–6.13, 6.18–6.24, 6.32 (2022 ed., rev. Sept. 2022). Accordingly, counsel need not propose instructions concerning matters within the scope of the court's standard instructions unless they intend to object to one of those standard instructions.

As to all other jury instructions, the parties shall attempt to reach agreement, and file the agreed upon jury instructions with the court, designating them as such. Only if the parties, after a good faith effort, cannot agree upon specific instructions or verdict forms shall they file and serve their respective proposed disputed instructions, again, designating them as such. Counsel are directed that their specific proposed jury instructions, both agreed and disputed, shall be filed no later than **4:00 p.m. on August 22, 2025**. In addition, the government shall also file a proposed verdict form no later than **4:00 p.m. on August 22, 2025**. As to any jury instructions and verdict form offered, the proposing party shall also submit a clean copy in Microsoft Word format via email to: dadorders@caed.uscourts.gov or to such other email address provided by way of minute order depending on the judge who will preside at the trial of this action.

III.    PROPOSED VOIR DIRE QUESTIONS

The parties may file proposed voir dire questions no later than **4:00 p.m. on August 22, 2025**. Any proposed voir dire questions shall also be submitted in Microsoft Word format via

1   email to: dadorders@caed.uscourts.gov or to such other email address provided by way of minute
2   order depending on the judge who will preside at the trial of this action.

3   IV.     MOTIONS IN LIMINE

4       The parties have already filed with the court their motions in limine, which were due by
5   July 25, 2025. Any opposition briefs to the motions in limine shall be filed no later than **August**
6   **8, 2025,** as previously ordered by the magistrate judge. The court will advise the parties which
7   motions it will resolve before the presentation of evidence following argument which will be
8   heard on the first day of trial unless otherwise ordered by the trial judge prior to trial.[1]

9   V.      EXHIBIT LIST AND WITNESS LIST

10      The government shall, and the defendant may, file an exhibit list and a witness list (to
11  include those reasonably anticipated to be called as rebuttal witnesses) no later than **4:00 p.m. on**
12  **August 22, 2025**. Exhibit lists shall also be submitted in Microsoft Word format via email to:
13  dadorders@caed.uscourts.gov or to such other email address provided by way of minute order
14  depending on the judge who will preside at the trial of this action.

15      All exhibits should be pre-marked with exhibit stickers provided by the court. The
16  government's exhibits shall be numbered. Should the defendant elect to introduce exhibits at
17  trial, such exhibits shall be designated by alphabetical letter. The parties may obtain exhibit
18  stickers at the Clerk's Office, Suite 4-200, located on the 4th floor of the Sacramento courthouse.
19  The parties are also ordered to confer after the trial confirmation hearing for the purpose of pre-
20  marking exhibits. All joint exhibits must be pre-marked with numbers preceded by the
21  designation JT/-- (e.g., JT/1, JT/2).[2] No exhibit shall be marked with or entered into evidence
22  under multiple exhibit numbers.

23  /////

---

[1] Because this order provides that argument on the parties' motions in limine will be heard on the first day of trial or at a date and time set by the district judge presiding over this trial, the hearing on the motions in limine previously scheduled for August 25, 2025 at 09:30 a.m. in Courtroom 5 before Chief District Judge Troy L. Nunley is hereby VACATED.

[2] The court notes that joint exhibits in criminal trials are exceedingly rare, but if there are any joint exhibits, they should be marked as such.

3

Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

A. Duplicate exhibits, i.e., documents that all parties desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above. Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

B. As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendant's Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

C. Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendant's Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

D. Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiff's Exhibit 3 - For Identification or Defendant's Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

Finally, the government shall deliver to the office of the Clerk of the Court and serve upon defense counsel its exhibit binder by **4:00 p.m. on August 22, 2025**.[3]

VI.   USE OF TECHNOLOGY IN THE COURTROOM

Any party intending to use a videotape or CD for any purpose during trial shall lodge a copy with the Courtroom Deputy by **4:00 p.m. on August 22, 2025**. If a written transcript of

/////

---

[3] To the extent defense counsel is able to disclose exhibits prior to trial, they shall be subject to the joint determination procedure set forth above and any defense exhibit binder shall be lodged with the Courtroom Deputy and served on the government in keeping with this deadline.

4

audible words appearing on the videotape or CD is available, a transcript of the same is to be lodged with the Court, solely for the aid of the Court.

If counsel intends to use a laptop computer or other technology for presentation of evidence at trial, they shall contact the Courtroom Deputy of the district judge presiding over the trial at least one week prior to trial. The Courtroom Deputy will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.

## VII. OBJECTIONS TO PRETRIAL ORDER

A party objecting to any aspect of this Pretrial Order may, within seven days of the issuance of this order, file and serve written objections thereto. Objections shall specify a requested correction, addition or deletion and will be addressed at the trial confirmation hearing.

## VIII. OTHER MATTERS

At the trial confirmation hearing scheduled for **10:00 a.m. on August 11, 2025**, the court will confer with the parties at that time and address with them additional matters relevant to the trial of this case, including the uncertainty regarding which district judge will preside over this trial and whether that trial will be conducted in the Fresno or Sacramento courthouse.

IT IS SO ORDERED.

Dated: **July 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5